**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES LLC, § § § § Plaintiff, § § v. § § AT&T INC., § AT&T MOBILITY LLC, § HTC CORPORATION, and § HTC AMERICA, INC., § § Defendants. § § | CIVIL ACTION NO. 6:11cv561 **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff SmartPhone Technologies LLC ("SmartPhone") files this Original Complaint against AT&T Inc., AT&T Mobility LLC, HTC Corporation, and HTC America, Inc. for infringement of U.S. Patent No. 6,976,217 ("the '217 patent"), U.S. Patent No. 6,466,236 ("the '236 patent"), U.S. Patent No. 6,928,300 ("the '300 patent"), and/or U.S. Patent No. 6,956,562 ("the '562 patent").

**THE PARTIES**

1. SmartPhone is a Texas limited liability company with its principal place of business in Frisco, Texas.

2. AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3. AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4. HTC Corporation is incorporated under the laws of Taiwan with its principal place of business in Taoyuan City, Taiwan, R.O.C. This Defendant may be served with process at its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, Republic of China. This Defendant does business in the State of Texas and in the Eastern District of Texas.

5. HTC America, Inc. (with HTC Corporation, "HTC") is a Washington corporation with its principal place of business in Bellevue, Washington. This Defendant may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, Texas 77062. This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

6. SmartPhone brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business

involving their accused products in this judicial district and/or, has regular and established places of business in this judicial district.

8. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,976,217)

9. Smartphone incorporates paragraphs 1 through 8 herein by reference.

10. SmartPhone is the exclusive licensee of the '217 patent, entitled "METHOD AND APPARATUS FOR INTEGRATING PHONE AND PDA USER INTERFACE IN A SINGLE PROCESSOR," with ownership of all substantial rights in the '217 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '217 patent is attached as Exhibit A.

11. The '217 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. HTC is directly and/or indirectly infringing one or more claims of the '217 patent in this judicial district and elsewhere in Texas, including claim 1, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Hero. HTC and persons who acquire and use such devices have, at a minimum, directly infringed the '217 patent, and HTC is thereby liable for direct and/or indirect infringement of the '217 patent

3

pursuant to 35 U.S.C. § 271. HTC is, and has been, aware of the '217 patent, has pre-suit knowledge of the infringing nature of its activities, and has nevertheless continued its infringing conduct.

13. SmartPhone has been damaged as a result of HTC's infringing conduct described in this Count. HTC is, thus, liable to SmartPhone in an amount that adequately compensates it for HTC's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 6,466,236)

14. SmartPhone incorporates paragraphs 1 through 8 herein by reference.

15. SmartPhone is the exclusive licensee of the '236 patent, entitled "SYSTEM AND METHOD FOR DISPLAYING AND MANIPULATING MULTIPLE CALENDARS ON A PERSONAL DIGITAL ASSISTANT," with ownership of all substantial rights in the '236 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '236 patent is attached as Exhibit B.

16. The '236 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

17. HTC is directly and/or indirectly infringing one or more claims of the '236 patent in this judicial district and elsewhere in Texas, including claim 1, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Incredible S, Inspire 4G, and Jetstream. HTC and persons who acquire and use such devices have, at a minimum, directly infringed the '236 patent, and HTC is thereby liable for direct and/or indirect infringement of the '236 patent pursuant to 35 U.S.C. § 271. HTC is, and has

been, aware of the '236 patent, has pre-suit knowledge of the infringing nature of its activities, and has nevertheless continued its infringing conduct.

18. AT&T is directly and/or indirectly infringing one or more claims of the '236 patent in this judicial district and elsewhere in Texas, including claim 1, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Inspire 4G and Jetstream. AT&T and persons who acquire and use such devices have, at a minimum, directly infringed the '236 patent, and HTC is thereby liable for direct and/or indirect infringement of the '236 patent pursuant to 35 U.S.C. § 271.

19. On information and belief, HTC and AT&T make, use, offer for sale, sell and/or import the aforementioned infringing computerized communication devices pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and AT&T are jointly and severally liable for infringements described in this Count.

20. SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 6,928,300)

21. SmartPhone incorporates paragraphs 1 through 8 herein by reference.

22. SmartPhone is the exclusive licensee of the '300 patent, entitled "METHOD AND APPARATUS FOR AUTOMATED FLEXIBLE CONFIGURING OF NOTIFICATIONS AND ACTIVATION," with ownership of all substantial rights in the '300 patent, including the right to

exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '300 patent is attached as Exhibit C.

23. The '300 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24. HTC is directly and/or indirectly infringing one or more claims of the '300 patent in this judicial district and elsewhere in Texas, including claim 1, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Incredible S, Inspire 4G, Freestyle, and Jetstream. HTC and persons who acquire and use such devices have, at a minimum, directly infringed the '300 patent, and HTC is thereby liable for direct and/or indirect infringement of the '300 patent pursuant to 35 U.S.C. § 271. HTC is, and has been, aware of the '300 patent, has pre-suit knowledge of the infringing nature of its activities, and has nevertheless continued its infringing conduct.

25. AT&T is directly and/or indirectly infringing one or more claims of the '300 patent in this judicial district and elsewhere in Texas, including claim 1, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Inspire 4G, Freestyle, and Jetstream. AT&T and persons who acquire and use such devices have, at a minimum, directly infringed the '300 patent, and HTC is thereby liable for direct and/or indirect infringement of the '300 patent pursuant to 35 U.S.C. § 271.

26. On information and belief, HTC and AT&T make, use, offer for sale, sell and/or import the aforementioned infringing computerized communication devices pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, HTC and AT&T are jointly and severally liable for infringements described in this Count.

27. SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 6,956,562)

28. SmartPhone incorporates paragraphs 1 through 8 herein by reference.

29. SmartPhone is the exclusive licensee of the '562 patent, entitled "METHOD FOR CONTROLLING A HANDHELD COMPUTER BY ENTERING COMMANDS ONTO A DISPLAYED FEATURE OF THE HANDHELD COMPUTER," with ownership of all substantial rights in the '562 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '562 patent is attached as Exhibit D.

30. The '562 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

31. HTC is directly and/or indirectly infringing one or more claims of the '562 patent in this judicial district and elsewhere in Texas, including claim 47, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Incredible S, Inspire 4G, and Jetstream. HTC and persons who acquire and use such devices have, at a minimum, directly infringed the '562 patent, and HTC is thereby liable for direct and/or indirect infringement of the '562 patent pursuant to 35 U.S.C. § 271. HTC is, and has

been, aware of the '562 patent, has pre-suit knowledge of the infringing nature of its activities, and has nevertheless continued its infringing conduct.

32. AT&T is directly and/or indirectly infringing one or more claims of the '562 patent in this judicial district and elsewhere in Texas, including claim 47, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the HTC Inspire 4G and Jetstream. AT&T and persons who acquire and use such devices have, at a minimum, directly infringed the '562 patent, and HTC is thereby liable for direct and/or indirect infringement of the '562 patent pursuant to 35 U.S.C. § 271.

33. On information and belief, HTC and AT&T make, use, offer for sale, sell and/or import the aforementioned infringing computerized communication devices pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and AT&T are jointly and severally liable for infringements described in this Count.

34. SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

SmartPhone hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

SmartPhone requests that the Court find in its favor and against AT&T and HTC, and that the Court grant SmartPhone the following relief:

a. Judgment that one or more claims of the '217, '236, '300, and/or '562 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringements Defendants has contributed and/or by others whose infringements have been induced by Defendants;

b. Judgment that Defendants account for and pay to SmartPhone all damages to and costs incurred by SmartPhone because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to SmartPhone a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That SmartPhone be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That SmartPhone be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: October 31, 2011**                Respectfully submitted,

/s/ Edward R. Nelson, III (w/permission Johnny Ward)
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Christie B. Lindsey
clindsey@nbclaw.net
Texas State Bar No. 24041918
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Anthony G. Simon
asimon@simonlawpc.com
Timothy E. Grochocinski
teg@simonlawpc.com
THE SIMON LAW FIRM, P.C.

9

701 Market Ste 1450
St. Louis MO 63101
Phone: (314) 241-2929
Fax:    (314) 241-2029

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com